UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>    Plaintiff,<br><br>    v.<br><br>VY VERASA COMMERCIAL COMPANY LLC, et al.,<br><br>    Defendants. | Case No. 3:19-cv-02556-WHO<br><br>**ORDER ON PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT AND DEFENDANT'S MOTION TO ENFORCE COMPLIANCE WITH SCHEDULING ORDER**<br><br>Re: Dkt. Nos. 20, 24 |

Despite the Northern District of California's orders related to Americans with Disabilities Act ("ADA") litigation, before me are two motions filed by ADA plaintiff Peter Strojnik. He brings suit against defendant VY Verasa Commercial Company LLC dba the Westin Verasa Napa for violations of the ADA, among other claims. Strojnik's first motion seeks partial summary judgment, and the second seeks an order requiring VY Verasa to comply with the Scheduling Order for this case. The former motion runs afoul of the Northern District's General Order 56 on ADA litigation; the latter lacks merit because Strojnik is equally at fault for the stalemate at which this case finds itself. Accordingly, I deny both motions and order both sides to get this case back on track.

**BACKGROUND**

Stroknik describes himself as a disabled veteran and an ADA tester. Complaint ("Compl.") [Dkt. No. 1] ¶ 2, Add. B. On May 13, 2019, Strojnik filed a pro se complaint against VY Verasa. He asserts that he "is deterred from visiting" the hotel based on his knowledge of its noncompliance with the ADA. Compl. ¶ 12. The same day the complaint was filed, the parties were ordered to comply with the scheduling order for ADA cases. Dkt. No. 4.

Strojnik also included as defendants the law firm Sheppard, Mullin, Richter & Hampton,

VY Verasa counsel Greg Hurley, and Hurley's wife. On September 4, 2019 I dismissed with prejudice the claims against Sheppard Mullin. Dkt. No. 19. When resolving that motion, I wrote, "The parties are admonished to comply with the Scheduling Order for ADA cases." *Id.*

The following day, Hurley emailed Strojnik offering September 30 for the parties' joint site inspection. Declaration of Greg Hurley ISO Oppo. Compliance Mot. ("Hurley Decl. II") Ex. A [Dkt. No. 26-2]. Strojnik agreed and wrote that he would bring his own equipment to the inspection.[1] *Id.*

Strojnik filed the pending motion for partial summary judgment on September 13, 2019. Motion for Partial Summary Judgment ("MSJ") [Dkt. No. 20]. Hurley informed Strojnik that his motion was noncompliant with General Order 56 and requested that he withdraw it. Declaration of Greg Hurley ISO Oppo. MSJ ("Hurley Decl. I") [Dkt. No. 23-1] Ex. A [Dkt. No. 23-2]. Strojnik neither responded nor withdrew the motion.

On September 30, both Strojnik and Hurley appeared at the hotel for the joint inspection. VY Verasa General Manager Don Shindle was also present, although he did not come out to meet Strojnik. *See* Hurley Decl. II ¶ 4; Compliance Mot. 1-2. According to Hurley, Strojnik had no tools with him, was unprepared for the inspection, and failed to point out specific changes needed to the property, instead only referring him to the Due Diligence Report filed with his motion for partial summary judgment. Hurley Decl. II ¶¶ 6-7. According to Strojnik, Hurley was highly unpleasant during their interaction. Compliance Mot. 2. Strojnik left, and no inspection occurred.

After the parties' failed site inspection, Strojnik filed a motion to enforce compliance with the Scheduling Order. Motion to Enforce Compliance ("Compliance Mot.") [Dkt. No. 24].

**LEGAL STANDARD**

General Order 56 governs ADA litigation in the Northern District of California. It was adopted in 2005 to advance efficient and effective litigation of ADA cases, and it has been amended several times since then. The parties to an ADA access case are obligated to conduct a joint site inspection as set forth in paragraph 3:

---

[1] He also agreed that he would not serve Hurley or his wife in light of my order dismissing the claims against Sheppard Mullin. Hurley Decl. II Ex. A.

2

> No later than 105 days after filing the complaint, the parties and their counsel, accompanied by their experts if the parties so elect, shall meet in person at the subject premises. . . . They shall jointly inspect the portions of the subject premises, and shall review any programmatic or policy issues, which are claimed to violate the Americans with Disabilities Act.

General Order No. 56 ¶ 3. Paragraph 4 further provides that at the joint site inspection or within 28 days, the parties "shall meet in person and confer regarding settlement of the action." *Id.* ¶ 4. General Order 56 stays discovery and proceedings other than those provided for in the Order "unless the assigned judge orders otherwise." General Order 56 ¶ 2. *But see Johnson v. Otter*, No. 18-CV-01689-BLF, 2019 WL 452040, at *2 (N.D. Cal. Feb. 5, 2019) ("General Order 56 does not bar the filing of a motion challenging the pleadings or the court's jurisdiction.").

**DISCUSSION**

Pending before me are two motions. First, Strojnik moves for summary judgment on two of his claims, for violations of the ADA and California's Unruh Civil Rights Act. Second, Strojnik moves to enforce compliance with General Order 56 and seeks costs associated with his travel to the September 30 joint site inspection. Compliance Mot. 3. VY Verasa asserts that the motion for summary judgment violates General Order 56 and that Strojnik arrived at the joint site inspection unprepared. Oppo. MSJ 3.

The motion for summary judgment plainly violates General Order 56 and my express admonition to the parties that they must comply with this district's Scheduling Order for ADA cases. *See* Dkt. Nos. 4, 19. Strojnik filed his motion on September 13, more than two weeks before the parties' scheduled joint site inspection on September 30. As the briefing for the pending motions makes clear, the parties have engaged in neither a joint site inspection nor a settlement discussion. General Order 56 expressly stays all discovery and proceedings absent a contrary order from me. Strojnik's motion is DENIED on this basis alone.[2]

VY Verasa further requests that I sanction Strojnik in the amount of $3,000 to compensate it for attorney fees incurred in opposing the motion for summary judgment. Oppo. MSJ 4. In

---

[2] I also note that summary judgment would not be appropriate in any event because VY Verasa is entitled to pursue discovery from Strojnik related to his asserted disability and the barriers he alleges he encountered.

3

support of its request VY Verasa notes that Strojnik has engaged in abusive tactics from the start—most notably by adding counsel's wife as a defendant—and that he refused to withdraw the motion for summary judgment despite receiving a prompt warning that it violated General Order 56. *Id.*; Hurley Decl. I ¶ 2, Ex. A. Strojnik does not address the request in his reply. *See* Reply [Dkt. No. 25]. Just like all litigants, Strojnik is obligated to familiarize himself with this district's rules and guidelines, including General Order 56. Strojnik's behavior has been questionable since this case's inception. I am taking note of Strojnik's behavior. I will not award sanctions at this time, but I will consider this conduct in any future motion if his litigation performance does not substantially improve. I expect better.

Strojnik next moves that I order VY Verasa to comply with the Scheduling Order. It is no surprise that the parties have differing accounts of the reasons their site inspection failed. General Order 56 clearly lays out the purpose of a site inspection: to "jointly inspect the portions of the subject premises, and shall review any programmatic or policy issues, which are claimed to violate the Americans with Disabilities Act." General Order 56 ¶ 3. I am concerned not with which party is to blame but rather with the fact that the inspection did not occur and that as a result, this case is not progressing.[3] Both parties are ordered to agree on a new date for a joint inspection and to actually conduct that inspection—and a settlement discussion, either at the same time or within 28 days—as they are obligated to do. The inspection shall occur no later than **December 1, 2019**.

Strojnik further requests that I order VY Verasa to compensate him for various expenses he incurred to travel to the site inspection in the amount of $1,321.00. The request is denied. Whether or not Strojnik experienced unpleasantness, even according to his own account Strojnik was invited to inspect the premises while he was there. Compliance Mot. 1-2 (paraphrasing Hurley as saying, "This is your inspection so go and inspect"). Strojnik's Due Diligence Report cannot satisfy his obligations under General Order 56.

---

[3] Both sides could have done better. Strojnik should have arrived prepared to conduct the inspection and remained on site in order to do so, and counsel for VY Verasa should have put aside his frustration in the name of moving this case along.

**CONCLUSION**

Strojnik's motions are resolved as set forth above. Both parties shall conduct themselves with civility and meet their obligations as set forth in the Scheduling Order. The November 13, 2019 hearing on these motions is VACATED.

**IT IS SO ORDERED.**

Dated: November 12, 2019

William H. Orrick
United States District Judge