UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VY VERASA COMMERCIAL COMPANY LLC, et al.,<br><br>　　　　　Defendants. | Case No. 3:19-cv-02556-WHO<br><br>**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION** |

Plaintiff Peter Strojnik initiated this Americans with Disabilities Act ("ADA") case against four defendants on May 15, 2019. Dkt. No. 1. On September 5, 2019 I granted a motion to dismiss by two defendants. Dkt. No. 19. On April 2, 2020, defendant VY Verasa Commercial Company LLC dba the Westin Verasa Napa filed a motion to declare Strojnik a vexatious litigant. Dkt. No. 39. On May 5, 2020, I deferred ruling on that motion in favor of allowing United States Magistrate Judge Donna M. Ryu to decide the same motion in another one of Strojnik's ADA cases in this district. Dkt. No. 41; *see Strojnik v. IA Lodging Napa First LLC*, 19-cv-3983-DMR.

On June 1, 2020, Judge Ryu declared Strojnik a vexatious litigant and entered an order enjoining him from filing any civil action in this district that challenges access to public accommodations by disabled people without first obtaining certification from the general duty judge that his claims plausibly allege Article III standing.[1] 19-cv-3983 Dkt. No. 66. She also dismissed the case before her for lack of federal subject matter jurisdiction, finding that Strojnik lacked standing because he failed to allege an injury-in-fact related to his disability or that he was deterred from visiting the hotel for reasons related to his disability. *Id.* at 8–9. Judge Ryu

---

[1] The motion to declare Strojnik a vexatious litigant is therefore DENIED AS MOOT. Dkt. No. 39.

1 determined that "the generic descriptions in the complaint [were] too vague to assess whether and how Strojnik was injured by [the defendant hotel]." *Id.* at 9.

It appears that the Article III standing defects Judge Ryu identified in the *IA Lodging* case are also present in the complaint before me. Strojnik describes the hotel's website and facilities with photographs and captions that reference inaccessibility, but none of the allegations are tied to the specifics of his asserted disability for purposes of injury-in-fact or deterrence. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 n.4 (9th Cir. 2011) ("[A] plaintiff's standing to claim an ADA violation is necessarily linked to the nature of his disability."). Without standing to pursue an ADA claim, I will not exercise supplemental jurisdiction over the state law claims.

Strojnik is ORDERED TO SHOW CAUSE why this case should not be dismissed with prejudice for lack of federal subject matter jurisdiction. A response of no more than ten pages is due on or by **August 28, 2020**. In that response, Strojnik should address specific allegations he would bring in an amended complaint to cure the deficiencies described above. If the defendants wish to address the sufficiency of Strojnik's arguments, they should do so in no more than ten pages within one week of the response to this Order.

**IT IS SO ORDERED.**

Dated: August 11, 2020



William H. Orrick
United States District Judge